# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 17-203V
Filed: January 30, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| L.P., by and through his Parent and Natural Guardian, MARY PETTY, | \* | |
| | \* | |
| Petitioner, | \* | Attorneys' fees and costs decision; lack of reasonable basis |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Amy A. Senerth, Dresher, PA, for petitioner.
Ilene C. Albala, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

On February 10, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that diphtheria, tetanus, and acellular pertussis ("DTaP") and Rotavirus vaccines administered on February 11, 2014 to her son L.P. when he was two months old caused him gastrointestinal injuries and subsequent complications. Pet. Preamble and ¶¶ 4-20.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On November 20, 2017, petitioner filed a Motion for a Decision Dismissing her Petition. She states that "she will be unable to prove that she is entitled to compensation in the Vaccine Program" and that "to proceed further would be unreasonable and would waste the resources" of the court, respondent, and the Vaccine Program."   Pet'r's Mot. at 1.   On November 21, 2017, the undersigned issued a decision dismissing the case.   On December 14, 2017, petitioner filed a motion for attorneys' fees and costs.   For the reasons set forth below, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

## PROCEDURAL HISTORY

Petitioner filed her petition on February 10, 2017.   On the same day, petitioner filed a Statement of Completion of the record.

On February 13, 2017, the case was assigned to the undersigned.

On May 5, 2017, the undersigned issued a lengthy Order after reading L.P.'s pre- and post-vaccination records.   In her Order, the undersigned stated that she fails to see that if L.P. had any vaccine injury, if lasted more than six months, and since L.P. had gastrointestinal symptoms before receiving vaccinations, petitioner would need to plead significant aggravation, but the undersigned does not see a substantial deterioration of health post-vaccination in these records.

On May 8, 2017, the undersigned discussed the Order of May 5, 2017 with the parties during the initial status conference.   In her Order of May 8, 2017, the undersigned asked petitioner to file a status report explaining how she would like to proceed by July 5, 2017.

After three informal motions for an extension of time and two formal motions for an extension of time, on November 20, 2017, petitioner moved to dismiss the case.

On November 21, 2017, the undersigned issued a decision dismissing the case.

On December 14, 2017, petitioner filed a motion for attorneys' fees and costs.   Petitioner requests $9,110.00 in attorneys' fees and $400.00 in attorneys' costs, for a total request of $9,510.00.   In accordance with General Order #9, petitioner said she did not advance any funds in the prosecution of her claim.

On December 21, 2017, respondent filed a response objecting to an award of attorneys' fees and costs because petitioner failed to establish a reasonable basis for her claim.   Resp. at 1. Respondent "respectfully requests that the [undersigned] exercise her discretion and deny petitioner's Motion for Attorneys' Fees and Costs."   Id. at 5.

On January 5, 2018, petitioner replied to respondent's opposition to her motion for attorneys' fees and costs and requested additional attorneys' fees of $1,552.50 incurred in order to research and prepare the reply.   The total amount of attorneys' fees and costs requested is

now $11,062.50.   Petitioner argues that she had a reasonable basis to bring her claim because she filed proof of vaccination and medical records demonstrating a post-vaccination injury. Reply at 4.   Petitioner also contends that the undersigned should consider counsel's conduct and the looming statute of limitations in finding a reasonable bases of the claim.   Id. at 5.

On January 26, 2018, respondent file a sur-response to petitioner's reply to respondent's response in opposition to petitioner's motion for attorneys' fees and costs.   Respondent counters that filing proof of vaccination and medical records is not enough to satisfy the objective reasonable basis standard.   Sur-response at 1-2.   Respondent states that a reasonable basis determination is "an objective inquiry unrelated to counsel's conduct" and a "looming statute of limitations deadline has no bearing on whether there is a reasonable basis for the claim raised in the petition."   Id. at 2 (citing Simmons v. HHS, 875 F.3d 632, 636 (Fed. Cir. 2017)).

This matter is now ripe for adjudication.

## DISCUSSION

### I.   Entitlement to Fees Under the Vaccine Act

#### a.   Legal Standard

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims may award fees and costs to an unsuccessful petitioner if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."   42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard.   Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).   A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred.   Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).   Petitioners are "entitled to a presumption of good faith."   Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules.   It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011).   Traditionally, special masters have been "quite generous" in finding reasonable basis.   Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor of a lenient approach to reasonable basis.").   However, "Fee denials are expected to occur.   A different construction of the statute would swallow the special master's discretion."   Chuisano v. United States, 116 Fed. Cl. 276, 286 (Fed. Cl. 2014).   See also Dews v. Sec'y of HHS, No. 13-569V, 2015 WL 1779148 (Fed. Cl. Spec. Mstr. Mar. 30, 2015) (in

which the undersigned found petitioner was not entitled to attorneys' fees and costs because she did not have a reasonable basis to bring the petition).

In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)).   Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed.   Turner, 2007 WL 4410030, at *6–*9. However, the Federal Circuit has recently clarified in Simmons that "a looming statute of limitations deadline . . . has no bearing on whether there is reasonable factual basis 'for the claim' raised in the petition.   That is an objective inquiry unrelated to counsel conduct." Simmons v. Sec'y of HHS, 875 F. 3d 632, 636 (Fed. Cir. 2017).

### b.   Good faith and reasonable basis

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith.   Grice, 36 Fed. Cl. at 121.   There is no evidence that this petition was brought in bad faith.   Therefore, the undersigned finds that the good faith requirement is satisfied.   However, for the reasons outlined below, the undersigned finds petitioner did not have a reasonable basis to bring her claim.

Counsel has a duty to investigate a claim before filing it.   In Rehn v. Secretary of Health and Human Services, Judge Lettow explained: "if an attorney does not actively investigate a case before filing, the claim may not have a reasonable basis and so may not be worthy of attorneys' fees and costs."   126 Fed. Cl. 86, 93 (Fed. Cl. 2016).   Although the billing records reflect that petitioner initially made contact with counsel on January 10, 2017, or one month before she filed her petition on February 10, 2017, based on petitioner's counsel's invoice, all medical records (filed as Exhibits 1-3) had been obtained and reviewed by two attorneys prior to the filing of the petition.   Counsel billed a combined 12.6 hours for reviewing medical records before filing the petition.   Document 19 at 4 (entries dated 1/23/2017 and 2/9/2017).   What counsel should have realized through their review, however, was that L.P.'s medical records do not support a vaccine-related injury as alleged and petitioner did not have a reasonable basis to bring her claim.

Simmons holds that a looming statute of limitations deadline has no bearing on whether there is an objective reasonable basis for the claim set forth in the petition.   Simmons, 875 F. 3d 632, 636.   There will always be a looming statute of limitations if counsel waits long enough. The reasonable basis analysis must focus on whether there is evidentiary support for the claim set forth in the petition.   Id.   Petitioner had no reasonable expectation that she would prove that DTaP and Rotavirus vaccines caused L.P. gastrointestinal injuries and subsequent complications when L.P. had gastroesophageal reflux disease, green stools, fussiness, and gas before he received his vaccinations.   No post-vaccination record substantiates L.P. having a substantial deterioration of health if petitioner had alleged the vaccines significantly aggravated his pre-existing gastrointestinal problems.   At no point during the course of these proceedings did petitioner provide a theory causally connecting L.P's vaccinations to any alleged injury. Petitioner has not filed a medical expert report in support of her allegations.

## CONCLUSION

The undersigned finds that an award of attorneys' fees and costs to petitioner is unreasonable.   Therefore, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>January 30, 2018</u>                                        <u>s/ Laura D. Millman</u>
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.